KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Micah and Jonette Coleman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonette & Micah Coleman,<br><br>  Plaintiffs,<br><br> vs.<br><br>Thunderbird Collection Specialists, Inc.; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiffs, Micah and Jonette Coleman, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Micah and Jonette Coleman (hereafter "Plaintiffs"), are adult individuals residing in Phoenix, Arizona, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Thunderbird Collection Specialists, Inc. (hereafter "Thunderbird"), is a company with an address of 3200 North Hayden Road, Suite 100, Scottsdale, Arizona 85251, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Thunderbird and whose identities are currently unknown to the Plaintiffs.  One or more of the

2

Collectors may be joined as parties once their identities are disclosed through discovery.

7.	Thunderbird at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.	The Debt**

8.	The Plaintiffs allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.	The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.	The alleged Debt was purchased, assigned or transferred to Thunderbird for collection, or Thunderbird was employed by the Creditor to collect the alleged Debt.

11.	The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.	Thunderbird Engages in Harassment and Abusive Tactics**

12.	Within the last year, the Defendants contacted Plaintiffs in an attempt to collect the alleged Debt.

13.	In its phone calls and messages to Plaintiffs, Thunderbird often times failed to identify itself to Plaintiffs, and also failed to give Plaintiffs the required mini-Miranda

3

1 informing the Plaintiffs that the phone call was from a debt collector attempting to

2 collect a debt.

informing the Plaintiffs that the phone call was from a debt collector attempting to collect a debt. Instead, the Thunderbird representative would only say, "this is Donna calling from Scottsdale."

14. Thunderbird has placed several calls a day to Plaintiff Jonette Coleman ("Jonette")'s cellular telephone and Jonette's place of employment in an attempt to collect the alleged Debt.

15. Jonette specifically asked Thunderbird not to contact her at her place of employment or during business hours regarding the Debt. Despite Jonette's request, Thunderbird continued to place calls to Plaintiff at her work telephone number and during business hours. Additionally, Thunderbird representative "Donna" told Jonette, "I'll call whatever number I want. People like you don't return calls"

16. During a call to Jonette, Thunderbird's representative "Donna" told Jonette that she had been in contact with Juana Aguilara, of Jonette's employer's payroll department at Banner Health, and that the HR agreed that they would cooperate with helping Thunderbird garnish Jonette's wages.

17. Jonette was very upset and checked with Ms. Aguilara to see if this was true, and contrary to Donna's representation, Ms. Aguilara informed Jonette that she had verified Jonette's employment only with an unidentified company.

18. Thunderbird has placed calls to Plaintiff Micah Coleman ("Micah") and Micah's grandmother in an attempt to collect the alleged Debt.

4

19. In its call to Micah's grandmother, Thunderbird stated that it was an emergency that they reach Micah, and that he could be subpoenaed or arrested if he fails to get in touch with them.

20. Thunderbird has repeatedly made threats to both Jonette and Micah that Thunderbird will garnish their wages if they do not voluntarily pay the alleged Debt. To date, no such action has been taken.

21. In fact, Thunderbird has no judgment against Plaintiffs to permit them to legally pursue the threatened garnishment.

22. Thunderbird has used very rude and abusive language when speaking with Plaintiffs. For instance, during a February 27, 2012 call to Micah, Thunderbird representative "Donna" stated that if Plaintiffs did not pay the Debt by the end of the following business day, Thunderbird would "garnish twenty-five (25%) percent of your checks." Donna proceeded to tell Micah that she regularly sues people on a daily basis and that "there's nothing [Plaintiffs] can do [to stop her]."

23. Plaintiffs have contacted the Creditor who informed Plaintiffs that they do not believe Plaintiffs owe the Debt. Plaintiffs have brought this to Thunderbird's attention. Notwithstanding this information, Thunderbird has continued to press Plaintiffs for payment of the alleged Debt.

24. Thunderbird has hung up on the Plaintiffs.

25. In one of its last calls to Plaintiffs, Thunderbird threatened that we are going to sue you, garnish your wages, and turn your whole life upside down.

C. **Plaintiffs Suffered Actual Damages**

26. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

27. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

28. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

29. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

31. The Defendants contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiffs, in violation of 15 U.S.C. § 1692c(a)(1).

32. The Defendants contacted the Plaintiffs at his/her place of employment, knowing that the Plaintiffs' employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

33. The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

34. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

35. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

36. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

37. The Defendants placed calls to the Plaintiffs without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

38. The Defendants misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

39. The Defendants threatened the Plaintiffs with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

40. The Defendants threatened Micah with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

41. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

42. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

43. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

44. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

45. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

46. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his

private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

48. Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendants violated Arizona state law.

49. The Defendants intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with excessive phone calls, calls to third parties, and abusive language.

50. The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

51. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

52. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

53. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

# COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

55. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

56. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

57. As a result of the Defendants' intentional infliction of emotional distress, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

10

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

E. Punitive damages;

F. For Plaintiffs' statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 23, 2012                    LEMBERG & ASSOCIATES, LLC


By:   */s/  Kindra Deneau*
Kindra Deneau

Attorney for Plaintiffs
Micah and Jonette Coleman